UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAY GLAZER** | **CIVIL ACTION** |
| **versus** | **No. 06-2514** |
| **INSURANCE UNDERWRITERS, LTD.,** *et al.* | **SECTION: I/1** |

### ORDER AND REASONS

Before the Court is a motion to remand, filed on behalf of plaintiff, Jay Glazer. Plaintiff seeks to remand this action to the state court from which it was removed. Defendants, Insurance Underwriters, Ltd. ("IU"), and the Standard Fire Insurance Company ("Standard"), did not file any opposition this motion.

The removal statute is strictly construed. *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989)). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144, 148 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden."). Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d

1

720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.") (citation omitted).

The Court agrees with plaintiff's arguments, finding that Standard has not shown that defendant, IU, was improperly joined and that, therefore, complete diversity exists to support this Court's jurisdiction.  In addition, the Court does not find that defendant has made a sufficient showing that the amount in controversy has been satisfied.  Considering the strict standard with which this Court must judge defendant's removal efforts and defendant's failure to object to plaintiff's motion, the Court finds that jurisdiction is lacking and that remand is appropriate.

Accordingly,

**IT IS ORDERED** that plaintiff's motion to remand[1] is **GRANTED**, and the case is hereby **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, for further proceedings.

New Orleans, Louisiana, July __17th__, 2006.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[1] Rec. Doc. No. 3.

2